**MENG HONG WANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General Respondent.**

**No. 05–5553–ag.**

United States Court of Appeals, Second Circuit.

May 18, 2006.

Yuming Wang, Wynnewood, Pennsylvania, for Petitioner.

Matther G. Whitaker, United States Attorney, Gary L. Hayward, Assistant United States Attorney, Des Moines, Iowa, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Meng Hong Wang, though counsel, petitions for review of the September 2005 BIA decision denying his motion to reopen and reconsider its December 2002 order summarily affirming Immigration Judge ("IJ") Edward R. Kandler's denial of his applications for asylum and withholding of deportation. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004) (citing *Brice v. United States Dep't of Justice,* 806 F.2d 415, 419 (2d Cir.1986)).

Wang filed his motion to reopen on July 27, 2005, over two and one-half years after the BIA summarily affirmed the IJ's denial of relief on December 20, 2002. An alien is generally limited to one motion to reopen removal proceedings, which must be filed within ninety days of the final administrative decision. *See* 8 U.S.C. § 1229a(c)(7)(A) (2005); 8 C.F.R. § 1003.2(c)(2) (2005). A motion that does not comply with these limitations can only be brought where the alien can establish one of four limited exceptions. *See* 8 U.S.C. § 1229a(c)(7) (2005); 8 C.F.R. § 1003.2(c)(3) (2005). One such exception, the only one applicable here, is where the alien can establish "changed circumstances arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii) (2005); 8 C.F.R. § 1003.2(c)(3)(ii) (2005).

A change in an individual's personal circumstances does not qualify under the above exception; an individual must demonstrate that the country conditions have changed in order for the exception to apply. *Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005) (holding that an alien failed to qualify for the changed circumstances exception by asserting only that his personal circumstances had changed by the birth of a child). In his motion to reopen, Wang asserted that his case should be reopened because his wife was pregnant with their second child. While he stated that China codified the family planning policy in December 2001, he observes that it merely reconfirmed the long-standing policy. *Cf. Wei Guang Wang v. BIA,* 437 F.3d 270, 275–76 (2d Cir.2006). As such, he did not allege a materially changed circumstance in his country of nationality. Accordingly, the BIA did not abuse its discretion in denying Lin's motion to reopen as failing to comply with the time limitations imposed on such motions.

To the extent that Wang's motion challenged the IJ's denial of his request for a continuance, the BIA recharacterized his motion to reopen as a motion to reconsider. Motions to reconsider must be filed within 30 days of the decision the movant is seeking to challenge. 8 C.F.R. § 1003.2(b)(2). There are no exceptions to the time and numerical limitations imposed upon motions to reconsider. *See* 8 C.F.R. § 1003.2. A timely motion to reconsider the BIA's summary affirmance of the IJ's decision would have been due by March 20, 2003. As Wang's motion was filed on July 27, 2005, the BIA did not abuse its discretion in denying the motion to reconsider.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appel-

late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).